2021 JAN 29 P 2:17

CAROL L. MICHEL
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

INDICTMENT FOR CONSPIRACY TO COMMIT THEFT OF GOVERNMENT FUNDS, THEFT OF GOVERNMENT FUNDS, AND NOTICE OF FORFEITURE

FELONY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-00011 |
| v. | * | SECTION: SECT. G MAG. 1 |
| CHRISTOPHER O'CONNOR<br>DERRICK BRANCH<br>LEROY DANIELS, Jr.<br>CHANTELLE DAVIS<br>CODY FRANCIS<br>TERRANCE HOWARD<br>LYNEA SANDERS | *<br>*<br>*<br>* | VIOLATIONS: 18 U.S.C. § 371<br>18 U.S.C. § 641 |

* * *

The Grand Jury charges that:

**COUNT 1**

**CONSPIRACY TO COMMIT THEFT OF GOVERNMENT FUNDS**

**A. AT ALL TIMES MATERIAL HEREIN:**

1. The United States Department of the Army (Department of the Army) is one of the three military departments within the Department of Defense of the United States of America. The

Fee USA
Process
X Dktd
CtRmDep
Doc. No.

Department of the Army is the federal government agency within which the United States Army (Army) is organized.

2. The National Defense Authorization Act of 2000 authorizes military funeral honors (MFH) for active duty soldiers, retirees, and veterans. Under the Act, at a family's request, eligible persons can receive military funeral honors, including the folding and presenting of the United States flag and the playing of "Taps." The law defines a military funeral honors detail as consisting of two or more uniformed military persons.

3. According to Department of Defense rules, before performing a military honors funeral, the Army's Casualty Assistance Center screens deceased servicemen for whether they are eligible for this ceremony. If suitable, then the military honors funeral can be conducted at any cemetery. Army personnel performing the MFH must receive approval from their supervisors before they do so. After the Army personnel perform their approved MFH duties, Army pay technicians are required to submit a signed DA Form 1380 detailing which Army personnel performed the MFH duty and which funeral. The Army pay technicians are also required to submit the signed DA Form 1380 along with any payment request for the Army personnel who had performed the MFH duties.

**B. THE OFFENSE:**

Beginning in or about January 2013, and continuing through August 2016, in the Eastern District of Louisiana and elsewhere, the defendants, **CHRISTOPHER O'CONNOR**, **DERRICK BRANCH**, **LEROY DANIELS, Jr.**, **CHANTELLE DAVIS**, **CODY FRANCIS**, **TERRANCE HOWARD**, and **LYNEA SANDERS**, willfully and knowingly did combine, conspire, confederate, and agree to obtain money from the United States by submitting to the United States

Department of the Army payment requests for services that had not been performed, in violation of Title 18, United States Code, Section 641.

**C. <u>OVERT ACTS</u>:**

1. On or about February 19, 2016, **CHANTELLE DAVIS**, then an Army reservist, received payment from the Department of the Army for MFH duties that she had not performed and was not entitled to but that **CHRISTOPHER O'CONNOR**, an Army pay technician, had submitted to the Department of the Army on her behalf.

2. On or about May 11, 2016, **DERRICK BRANCH**, then an Army reservist, received payment from the Department of the Army for military funeral honor duties that he had not performed and was not entitled to but that **CHRISTOPHER O'CONNOR** had submitted to the Department of the Army on his behalf.

3. On or about June 1, 2016, **LEROY DANIELS JR.**, then an Army reservist, received payment from the Department of the Army for military funeral honor duties that he had not performed and was not entitled to but that **CHRISTOPHER O'CONNOR** had submitted to the Department of the Army on his behalf.

4. On or about July 20, 2016, **CHRISTOPHER O'CONNOR**, then an Army pay technician and reservist, received payment from the Department of the Army for military funeral honor duties that he had not performed and was not entitled to but that he had submitted to the Department of the Army on his own behalf.

5. On or about August 26, 2016, **TERRANCE HOWARD**, then an Army reservist, received payment from the Department of the Army for military funeral honors duties that he had not performed and was not entitled to but that **CHRISTOPHER O'CONNOR** had submitted on his behalf.

6. On or about August 26, 2016, **CODY FRANCIS**, then an Army reservist, received payment from the Department of the Army for military funeral honors duties that he had not performed and was not entitled to but that **CHRISTOPHER O'CONNOR** had submitted on his behalf.

7. On or about August 26, 2016, **LYNEA SANDERS**, then an Army reservist, received payment from the Department of the Army for military funeral honors duties that he had not performed and was not entitled to but that **CHRISTOPHER O'CONNOR** had submitted on her behalf.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**

**THEFT OF GOVERNMENT FUNDS**

Beginning in or about January 2013, and continuing until in or about August 2016, in the Eastern District of Louisiana and elsewhere, the defendant, **CHRISTOPHER O'CONNOR**, did knowingly embezzle, steal, purloin, and convert to his use, money belonging to the United States and a department and agency thereof, namely, money of the United States Department of the Army, to which he knew he was not entitled to, when he utilized approximately $18,825.83 in Department of the Army funds.

All in violation of Title 18, United States Code, Section 641.

**COUNT 3**

**THEFT OF GOVERNMENT FUNDS**

Beginning in or about November 2013, and continuing until in or about August 2016, in the Eastern District of Louisiana and elsewhere, the defendant, **DERRICK BRANCH**, did knowingly embezzle, steal, purloin, and convert to his use, money belonging to the United States

and a department and agency thereof, namely, money of the United States Department of the Army, to which he knew he was not entitled, when he utilized approximately $15,469.30 in Department of the Army funds.

All in violation of Title 18, United States Code, Section 641.

**COUNT 4**

**THEFT OF GOVERNMENT FUNDS**

Beginning in or about May 2013, and continuing until in or about May 2016, in the Eastern District of Louisiana and elsewhere, the defendant, **LEROY DANIELS, Jr.**, did knowingly embezzle, steal, purloin, and convert to his use, money belonging to the United States and a department and agency thereof, namely, money of the United States Department of the Army, to which he knew he was not entitled to, when he utilized approximately $11,693.87 in Department of the Army funds.

All in violation of Title 18, United States Code, Section 641.

**COUNT 5**

**THEFT OF GOVERNMENT FUNDS**

Beginning in or about November 2013, and continuing until in or about February 2016, in the Eastern District of Louisiana and elsewhere, the defendant, **CHANTELLE DAVIS**, did knowingly embezzle, steal, purloin, and convert to her use, money belonging to the United States and a department and agency thereof, namely, money of the United States Department of the Army, to which she knew she was not entitled to, when she utilized approximately $8,399.65, in Department of the Army funds.

All in violation of Title 18, United States Code, Section 641.

**COUNT 6**

**THEFT OF GOVERNMENT FUNDS**

Beginning in or about November 2013, and continuing until in or about August 2016, in the Eastern District of Louisiana and elsewhere, the defendant, **CODY FRANCIS**, did knowingly embezzle, steal, purloin, and convert to his use, money belonging to the United States and a department and agency thereof, namely, money of the United States Department of the Army, to which he knew he was not entitled to, when he utilized approximately $11,378.27 in Department of the Army funds.

All in violation of Title 18, United States Code, Section 641.

**COUNT 7**

**THEFT OF GOVERNMENT FUNDS**

Beginning in or about May 2013, and continuing until in or about August 2016, in the Eastern District of Louisiana and elsewhere, the defendant, **TERRANCE HOWARD**, did knowingly embezzle, steal, purloin, and convert to his use, money belonging to the United States and a department and agency thereof, namely, money of the United States Department of the Army, to which he knew he was not entitled, when he utilized approximately $13,585.92 in Department of the Army funds.

All in violation of Title 18, United States Code, Section 641.

## COUNT 8

## THEFT OF GOVERNMENT FUNDS

Beginning in or about August 2013, and continuing until in or about August 2016, in the Eastern District of Louisiana and elsewhere, the defendant, **LYNEA SANDERS**, did knowingly embezzle, steal, purloin, and convert to her use, money belonging to the United States and a department and agency thereof, namely, money of the United States Department of the Army, to which she knew she was not entitled, when she utilized approximately $22,505.35 in Department of the Army funds.

All in violation of Title 18, United States Code, Section 641.

## NOTICE OF FORFEITURE

1. The allegations of Counts 1 - 8 in this Indictment are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offense alleged in Counts 1-8, the defendants, **CHRISTOPHER O'CONNOR**, **LEROY DANIELS, Jr.**, **CHANTELLE DAVIS**, **CODY FRANCIS**, **DERRICK BRANCH, TERRANCE HOWARD**, and **LYNEA SANDERS** shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property real or personal which constitutes or is derived from proceeds traceable to said offense.

3. If any of the above-described property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property.

[redacted]

PETER G. STRASSER
UNITED STATES ATTORNEY

DAVID HOWARD SINKMAN
Assistant United States Attorney

New Orleans, Louisiana
January 29, 2021

FORM OBD-34

*No.*____________________

**UNITED STATES DISTRICT COURT**

Eastern *District of* Louisiana

Criminal *Division*

**THE UNITED STATES OF AMERICA**

**vs.**

**CHRISTOPHER O'CONNOR, DERRICK BRANCH**
**LEROY DANIELS, Jr., CHANTELL DAVIS**
**CODY FRANCIS, TERRANCE HOWARD**
**LYNEA SANDERS**

# INDICTMENT

**INDICTMENT FOR CONSPRIACY TO COMMIT THEFT OF GOVERNMENT FUNDS, THEFT OF GOVERNMENT FUNDS**

**VIOLATION: Title 18, U.S.C., Section 371**
**18, U.S.C., Section 641**

[redacted]

*Filed in open court this* __________ *day of* __________ *A.D. 2021..*

____________________
*Clerk*

*Bail, $* ____________________

**David Howard Sinkman**
**Assistant United States Attorney**