UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-11 |
| v. | * | SECTION: "G" |
| CHANTELLE DAVIS | * | |

\* \* \*

## FACTUAL BASIS

The above-named defendant, CHANTELLE DAVIS, has agreed to plead guilty to Count 1 of the indictment, wherein she is charged with conspiracy to commit theft of government funds, in violation of Title 18, United States Code, Section 371. Both the Government and DAVIS do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crime to which she is pleading guilty. The Government and DAVIS further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in Count 1 of the indictment now pending against DAVIS.

### Military Funeral Honors Ceremonies

The Government would establish that the United States Army (Army) is a department of the United States. The National Defense Authorization Act of 2000 authorizes military funeral honors ("MFH") for deceased active-duty soldiers, retirees, and veterans of the United States Armed Forces, including the United States Army. At a family's request, eligible persons may receive military funeral honors, including the folding and presenting of the United States flag and the playing of "Taps." The statute defines a MFH detail as consisting of two or more uniformed military persons, with at least one being a member of the veteran's branch of military service,

AUSA
Defendant
Defense Counsel

performing MFH.

Before a military honors funeral occurs, the Army's Casualty Assistance Center screens deceased servicemen for eligibility for the ceremony. Army personnel who wish to perform the MFH must receive advanced approval from their supervisors. After the Army personnel perform their approved MFH duties, Army pay technicians are required to submit a signed DA Form 1380, identifying the individuals who performed the MFH duty and at which funeral they performed. When submitting the signed DA Form 1380, Army pay technicians are also required to submit MFH payment requests for the performing personnel. Payment requests are by Army personnel, and approved requests for payments are made using money of the United States (*i.e.*, the United States Army).

### The Conspiracy to Commit Theft of Federal Funds

The Government would establish, through the introduction of competent testimony that, at all times material, DAVIS was a specialist for the United States Army Reserve and based at the Naval Air Station Joint Reserve Base New Orleans. The Government would further establish that, at all times material, Christopher O'Connor was a staff sergeant with the United States Army Reserve, who reported for duty to the 441st Transportation Company, 377th Theater Sustainment Command, New Orleans, Louisiana. In that capacity, O'Connor was responsible for, among other duties, entering reserve duty members pay requests, including for authorized MFH duties.

Through his position as an Army pay technician, O'CONNOR submitted fraudulent MFH payment requests for MFH duties for DAVIS and for himself that were neither authorized nor performed. O'CONNOR also failed to submit the required DA Form 1380, which would have indicated the funeral for which the claimed MFH duties related.

Sometime in August or September of 2013, Christopher O'CONNOR approached DAVIS

AUSA
Defendant
Defense Counsel

and asked her if she would like to be placed on a list of military personnel to perform MFH duties. She agreed. The Government would further establish that in or about mid-December 2013, Christopher O'Connor submitted to the United States Department of the Army a request for payment, claiming that DAVIS had performed MFH duties when she had not actually done so, without DAVIS'S advanced knowledge or approval. When DAVIS received the first check in mid-December 2013, she called O'CONNOR and asked why she got paid when she hadn't performed an MFH detail. O'Connor then explained the scheme to her, and recruited DAVIS'S further participation. DAVIS received and accepted the payment. Specifically, O'Connor proposed submitting false MFH pay requests in DAVIS's name in exchange for her remitting half of those proceeds back to him. DAVIS agreed and joined the conspiracy, furthering same by accepting and splitting the remaining false MFH payments with O'Connor. DAVIS knew the unlawful purpose of the agreement and that the subject funds constituted property of the United States.

The Government would further establish that DAVIS and O'Connor executed the above-described scheme on approximately 17 occasions between on or about mid-December 2013 and on or about February 19, 2016, in the Eastern District of Louisiana and elsewhere. Specifically, DAVIS did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with co-conspirator Christopher O'Connor to submit fraudulent military funeral honor ("MFH") payments requests for MFH duties that were neither authorized nor performed. O'CONNOR submitted each of the unauthorized MFH payment requests for DAVIS. For each MFH payment she received, DAVIS remitted approximately half of the proceeds in cash to O'Connor for his role in the conspiracy. As a result of this conspiracy, DAVIS received approximately 17 unauthorized MFH payments, totaling $8,399.65, from the United States government for MFH duties that never occurred and to which she knew she was not

AUSA
Defendant
Defense Counsel

entitled. After DAVIS received the February 19, 2016, MFH payment, DAVIS informed O'Connor that she would no longer participate in the scheme.

As to the MFH payments claimed for and received by DAVIS described above, a review of Fiscal Year 2013 through Fiscal 2016 records demonstrated the following: no advanced Army Casualty Assistance screening of the deceased servicemen had occurred; neither DAVIS'S nor O'Connor's supervisors provided advanced approval for the claimed MFH; no signed DA Form 1380 was submitted which should have identified who performed the claimed MFH and at which funerals; and no other records existed that suggested the claimed MFH ceremonies were actually performed.

### Limited Nature of Factual Basis

This proffer of evidence is not intended to constitute a complete statement of all facts known by DAVIS and/or the Government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for her guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offenses by DAVIS.

The above facts come from an investigation conducted by and would be proven at trial by credible testimony from, *inter alia*, Special Agents from the United States Department of Defense – Office of the Inspector General, other witnesses, and admissible, tangible exhibits.

AUSA
Defendant
Defense Counsel

READ AND APPROVED:

_____   _3/2/23_____
Chantelle Davis               Date
Defendant

_____   _3/2/2023_____
Valerie W. Jusselin           Date
Counsel for Defendant

_____   _3/2/23_____
Andre J. Lagarde              Date
Assistant United States Attorney